

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*
*Civil Division*

---

*c/o Social Security Administration*     tel: (212) 264-3650, x.205

*Office of the General Counsel*           *fax: (212) 264-6372*
*26 Federal Plaza, Room 3904*             *sathya.oum@ssa.gov*
*New York, New York  10278*

October 29, 2010

VIA ECF

The Honorable Faith S. Hochberg
United States District Court for the District of New Jersey
United States Post Office and Courthouse Building
One Federal Square
Newark, NJ 07102

      Re:    Hagans v. Astrue
                 10-CV-1951

Dear Judge Hochberg:

The Commissioner of Social Security (the Commissioner) respectfully requests permission to file a Surreply letter to respond to a new factual allegation raised in Plaintiff's reply brief filed October 20, 2010. See PACER Docket Entry No. 11.

In the Commissioner's brief, he argued that the period of review ended on September 1, 2004, the date that the Commissioner determined that plaintiff's disability had ceased, and not through the Administrative Law Judge's (ALJ) decision of February 26, 2009. That is, for the period after September 1, 2004, Plaintiff had to file a new application to establish a new period of disability. In Plaintiff's reply brief, he asserted for the first time that he filed a new application on January 20, 2010. This application was denied, because the Commissioner considered the day after the ALJ decision as the potential onset date. At that point, Plaintiff's insured status had expired, and his application for Disability Insurance Benefits was therefore denied.

The Commissioner acknowledges Plaintiff's argument that this poses an apparent discrepancy. The Commissioner limited the period of review to the date of the September 1, 2004, cessation,

but when Plaintiff filed a new application, the Commissioner barred the period prior to the February 26, 2009 ALJ decision. When the undersigned noticed this inconsistency, she immediately inquired with the appropriate agency component, and as a result, the denial of Plaintiff's application will now be reopened, and will be referred for readjudication. In particular, the claim will be reopened with a potential onset date as the last day of the month immediately preceding the termination month. See Programs Operation Manual Systems (POMS) DI 27510.005B.[1] As a result, Plaintiff would then meet the special insured status requirements of the Social Security Act, and a determination will be made for a new period of disability.

However, this action does not affect the merits of the current case pending before this Court. The Commissioner still maintains that substantial evidence supports the ALJ's February 26, 2009 decision that Plaintiff's disability ceased on September 1, 2004.

Respectfully submitted,

PAUL J. FISHMAN
United States Attorney

By:   /s/Sathya Oum
      Sathya Oum
      Special Assistant U.S. Attorney
      Attorney for the Defendant

11/15/10

SO ORDERED. The Surreply shall be no more than 5 pages in length and is due by November 22, 2010

Hon. Faith S. Hochberg, U.S.D.J.

cc:   Joel M. Solow
      Freeman & Bass
      Federal Trust Building
      24 Commerce Street
      Newark, NJ 07102-9838
      (via ECF)

---

[1] Available at: http://policynet.ba.ssa.gov/poms.nsf/lnx/0427510005

2